# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 22, 2010

Lyle W. Cayce
Clerk

No. 09-50848
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FRANCISCO BARRON-LOPEZ, also known as Jose Hernandez, also known as
Mario Ramon Lopez,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CR-1419-1

Before JOLLY, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Francisco Barron-Lopez appeals the 60-month within-guidelines sentence imposed following his guilty plea to illegal reentry following deportation in violation of 8 U.S.C. § 1326. He argues that his sentence is unreasonable because the illegal reentry Guidelines double count a defendant's criminal record, resulting in a sentencing range that is greater than necessary to meet the goals of 18 U.S.C. § 3553(a). He also argues that this court should not afford

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his sentence a presumption of reasonableness because U.S.S.G. § 2L1.2 is not empirically based.  He contends that the district court failed to take into account that he reentered this country to work and that he was remorseful for his crime. He additionally contends that his sentence was greater than necessary to achieve the § 3553(a) goals of providing adequate deterrence, protecting the public, and providing him with educational or vocational training, medical care, or other correctional treatment.

Barron-Lopez concedes that his challenge to the presumption of reasonableness is foreclosed by our precedent.  *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009); *see also United States v. Mondragon-Santiago,* 564 F.3d 357, 366-67 (5th Cir.), *cert. denied,* 130 S. Ct. 192 (2009).  We have also rejected the argument that using a prior conviction to increase the offense level and in calculating criminal history is impermissible double counting.  *See Duarte*, 569 F.3d at 529-31; *see also* § 2L1.2, comment. (n.6).

Barron-Lopez has not rebutted the presumption that the district court sentenced him to a reasonable, properly calculated within-guidelines sentence. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008); *United States v. Alonzo*, 435 F.3d 551, 554-55 (5th Cir. 2006).  Accordingly, the district court's judgment is AFFIRMED.